**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| FRANCISCO JAVIER GASCA-RAMIREZ, | No. 07-70507 |
| Petitioner, | Agency No. A075-310-429 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, |  |
| Respondent. |  |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 13, 2011[**]
San Francisco, California

Before: WALLACE, SILVERMAN, and TALLMAN, Circuit Judges.

The Board of Immigration Appeals' (Board) "'exceptional and extremely

unusual hardship' determination is a subjective, discretionary judgment that has

been carved out of our appellate jurisdiction." *Romero-Torres v. Ashcroft*, 327

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 887, 888 (9th Cir. 2003). However, the REAL ID Act restored our appellate jurisdiction to "constitutional claims or questions of law." *Figueroa v. Mukasey*, 543 F.3d 487, 494 (9th Cir. 2008).

"Questions of law" include whether the Board did not follow its own precedent and whether it misconstrued the cancellation of removal statute. *Id.* at 496 ("Because Petitioners argue that the [immigration judge (IJ)] failed to follow [Board] precedent and misconstrued the statute when determining whether Petitioners had demonstrated 'exceptional and extremely unusual hardship' under 8 U.S.C. § 1229b(b)(1)(D), we hold that we have jurisdiction to review their challenge"). We review the Board's determination of purely legal and constitutional issues de novo. *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We have jurisdiction to determine our own jurisdiction. *Rosado v. Wyman*, 397 U.S. 397, 403 n.3 (1970).

## I.

The government does not contest Gasca's argument that he has exhausted his administrative remedy, and thus concedes that he has. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

Gasca argues that "[t]he Board failed to address a core element of Mr. Gasca's case, specifically, the severity of his daughter [C]'s medical condition."

2

Because the Board did in fact extensively address the severity of Gasca's daughter's medical condition and weighed it in determining whether there was exceptional and extremely unusual hardship, Gasca's argument does not raise a question of law but instead raises an issue of discretion over which we lack jurisdiction. *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). Furthermore, to the extent Gasca's argument presents a legal question over which we have jurisdiction, Gasca has not demonstrated how the Board"failed to follow [its] precedent" in its weighing of the importance of C's medical condition. *Figueroa*, 543 F.3d at 496.

Gasca advances only a thin argument that the Board "used the wrong standard of proof for exceptional and extremely unusual hardship by requiring that Mr. Gasca demonstrate the complete unavailability of medical treatment or medication in Mexico for [C's] condition." But the Board correctly engaged in a "future-oriented analysis, not an analysis of [C's] present conditions." *Id.* at 497. By requiring "objective evidence that medical care to treat [C's] condition is not reasonably available in Mexico" (and not, as Gasca argues, requiring evidence of the complete unavailability of medical treatment in Mexico), the Board was simply following its and our precedent. *Id.* at 498 ("Congress intended that discretion in

cancellation of removal cases be exercised on the basis of whether removal *would result* in an exceptional and extremely unusual hardship to the citizen-children").

Finally, Gasca incorrectly argues that the Board did not analyze "how or why" *In re Andazola-Rivas*, 23 I. & N. Dec. 319 (B.I.A. 2002), applied to Gasca's case. The Board specifically applied *Andazola-Rivas* to this case and explained its reasoning.

## II.

Because the Board committed no legal error and Gasca "does not contend that [he] was prevented from presenting [his] case before the IJ, denied a full and fair hearing before an impartial adjudicator, or otherwise denied a basic due process right," we reject his due process argument. *See Martinez-Rosas*, 424 F.3d at 930.

**PETITION DENIED.**